UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X          Civil Case No.
DAVID CARPY,

                    Plaintiff,                                   **COMPLAINT**

             -against-                               Plaintiff Demands a
                                                       Trial by Jury

APPLE-METRO INC., individually and d/b/a
APPLEBEE'S NEIGHBORHOOD GRILL & BAR,

                    Defendant.
-----------------------------------------------------------------------X

Plaintiff, by his attorneys, THE NEVELOFF LAW FIRM, PC, as and for causes of action

alleges, upon information and belief, as follows:

1.  The Court has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of

    citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of

    $75,000.00.

2.  That at all times relevant hereto, Plaintiff, DAVID CARPY was a citizen and resident of

    Mexico.

3.  That at all times relevant hereto, Plaintiff, DAVID CARPY was not a citizen or resident of

    the United States.

4.  That at all times material, Defendant APPLE-METRO INC., individually and d/b/a

    APPLEBEE'S NEIGHBORHOOD BAR & GRILL (hereinafter "APPLEBEE'S"), was and is a

    domestic business corporation duly operating under the laws of the State of New York.

5. That at all times material, Defendant APPLEBEE'S managed, owned and/or operated a restaurant located at 205 W 50th St, New York, NY 10019 (hereinafter "the premises").

6. That at all time material, Defendant APPLEBEE'S owned the stairs and all relevant parts and portions thereof located within the aforementioned premises.

7. That at all times material, DefendantAPPLEBEE'S managed the aforementioned premises.

8. That at all times material, DefendantAPPLEBEE'S controlled the aforementioned premises.

9. That at all times material, DefendantAPPLEBEE'S maintained the aforementioned premises.

10. That at all times material, DefendantAPPLEBEE'S inspected the aforementioned premises.

11. That at all times material, DefendantAPPLEBEE'S repaired the aforementioned premises.

12. At approximately 5:30 pm on February 15, 2016, Plaintiff DAVID CARPY was a patron at Defendant APPLEBEE'S.

13. That on or about February 15, 2016, Plaintiff DAVID CARPY was lawfully upon the aforementioned premises.

14. That on February 15, 2016, Plaintiff DAVID CARPY was caused to fall due to a dangerous, hazardous and/or defective condition then and there existing on a three-step staircase located within the above-referenced premises.

15. At the aforementioned time and place, the plaintiff, DAVID CARPY, was caused to fall as a result of a dangerous and defective condition existing at the aforesaid premises.  The condition was a result of the negligent acts and/or omissions of the Defendants, their agents, servants, employee, subcontractors and/or licensees.

16. That Plaintiff's fall was caused solely bythe negligence of the Defendants and without any contributory negligence on the part of the Plaintiff.

17. That the Defendants,their servants, agents, employees, subcontractors, and/or licensees were

negligent, reckless and careless in the ownership, operation, management, control, maintenance and inspection of the aforesaid premises; in allowing and permitting the aforementioned premises and all relevant parts and portions thereof to be, become a hazardous state of repair, constituting a trap, nuisance and hazard and in failing to repair said condition; in allowing and permitting same to become and remain in a dangerous, defective, hazardous, unsafe and broken condition so that Plaintiff and others were put in a position of danger; in causing and creating the hazardous condition; in allowing the dangerous condition to remain without remedying same; in not warning persons thereat of the dangerous condition then and there existing; in failing to post a warning of the hazardous condition; in failing to maintain said area in a safe condition for those lawfully using same; in failing to correct the said dangerous and unsafe condition although the defendants, their agent(s), servant(s) and/or employee(s) knew and/or should have known of the existence of said condition; in failing to exercise reasonable care in the maintenance, ownership, repair and control of the aforementioned premises; in that said condition remained at a time when the defendants, their agent(s), servant(s), and/or employee(s) knew and/or should have known that an incident, such as the instant incident, would take place; and in otherwise being negligent in causing the Plaintiff to fall and sustain serious personal injury. Plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

18. That as a result of the aforesaid occurrence, Plaintiff sustained two fractured ribs, as well injuries to his body and psyche and has been rendered sick, sore, lame and disabled and upon information and belief, that some of these injuries are permanent; that he has been unable to pursue the usual activities for some time; that he has been compelled to submit to hospital and medical care and attention and to incur various sums of money therefore in an endeavor to cure

or alleviate said injuries and that he has been compelled to suffer physical pain, psychological pain, physical pain, mental anguish and emotional distress.

19. That by reason of these premises, the Plaintiff, DAVID CARPY, has been damaged in an amount that exceeds the jurisdictional limit of all lower courts.

**WHEREFORE,** Plaintiff, DAVID CARPY, demands judgment against Defendants in an amount that exceeds the jurisdictional limit of all lower courts, together with the costs and disbursements of this action and such other, further and different relief as to this Court may seem just and proper.

Dated:       New York, New York
             September 27, 2016

                                    Yours, etc.,
                                    Daniel I. Neveloff, Esq.


                                    The Neveloff Law Firm, PC
                                    Attorneys for Plaintiffs
                                    30 Broad Street, 35th Floor
                                    New York, New York 10004
                                    (212) 964-2066